UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HELIDORO GONZALES,<br><br>               Plaintiff,<br><br>v.<br><br>RAYMOND MADDEN, *et al.*,<br><br>               Defendants. | Case No.: 23-cv-2181-AGS-DEB<br><br>**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL**<br><br>**[DKT NO. 25]** |

      Before the Court is Plaintiff's Motion for Appointment of Counsel. Dkt No. 25. Plaintiff is a state prisoner proceeding pro se and *in forma pauperis* on a claim filed pursuant to 42 U.S.C. § 1983. Dkt. No. 9 at 1–2. Plaintiff claims he is "illiterate/Spanish-speaking" and, therefore, appointment of counsel is warranted in the instant action. Dkt. No. 25 at 1 (Pl.'s Mot. to Appoint Counsel.). For the reasons set forth below, Plaintiff's motion is **DENIED** without prejudice.

      There is no constitutional right to counsel in a civil case. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (citing *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981)). An indigent's right to appointed counsel exists "only where the litigant may lose his physical liberty if he loses the litigation." *Lassiter v. Dep't of Soc. Servs. of Durham Cty., N.C.*, 452 U.S. 18, 25 (1981). In "exceptional circumstances," however, a court may exercise its discretion and "request an attorney to represent any person unable to afford

1  counsel." 28 U.S.C. § 1915(e)(1); *Palmer*, 560 F.3d at 970. The court must consider both
2  "'the likelihood of success on the merits as well as the ability of the [Plaintiff] to articulate
3  his claims pro se in light of the complexity of the legal issues involved.'" *Palmer*, 560 F.3d
4  at 970 (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)).

5  There is currently no basis to support a finding of exceptional circumstances in this
6  case. Plaintiff's complaint and filings evidence he can effectively articulate his claim
7  (perhaps with assistance) with proper spelling, grammar, and handwriting. *See* Dkt. No. 1
8  (Compl.); *see also* Dkt. No. 2 at 2-4 (Pl.'s Mot. for Leave to Proceed *in forma pauperis*);
9  Dkt. No. 10 at 1 (Pl.'s Notice of Intent to Proceed); Dkt. No. 25 at 1. Moreover, Plaintiff's
10 complaint survived the Court's screening. *See* Dkt. No. 9 at 4–12 (granting Plaintiff's
11 Motion to Proceed *in forma pauperis*, granting Plaintiff's Motion to File Additional Pages,
12 and finding that eight of Plaintiff's eleven claims survive 28 U.S.C. § 1915A(b) screening).

13 Although Plaintiff's complaint survived screening, the record is not sufficiently
14 developed for the Court to determine whether Plaintiff is likely to succeed on the merits,
15 and Plaintiff makes no such showing in his Motion. *Palmer*, 560 F.3d at 970 (holding that
16 "[w]hen determining whether 'exceptional circumstances' exist, a court must consider 'the
17 likelihood of success on the merits. . .'").

18 "In civil rights cases where the plaintiff appears *pro se*, the court must construe the
19 pleadings liberally and must afford plaintiff the benefit of any doubt." *Jackson v. Carey*,
20 353 F.3d 750, 757 (9th Cir. 2003) (internal citation omitted). This also applies to motions.
21 *Bernhardt v. Los Angeles Cty.*, 339 F.3d 920, 925 (9th Cir. 2003) ("Courts have a duty to
22 construe pro se pleadings liberally, including pro se motions. . ."). Accordingly, the Court
23 will take Plaintiff's pro se status into consideration when his filings are reviewed and afford
24 him "the benefit of any doubt." *Jackson*, 353 F.3d at 757.
25 \\
26 \\
27 \\
28

In sum, the Court does not find the required exceptional circumstances present for appointment of counsel. Plaintiff's motion, therefore, is **DENIED** without prejudice to renewal at a later stage of the proceedings.

**IT IS SO ORDERED.**

Date: July 3, 2025

_____
Honorable Daniel E. Butcher
United States Magistrate Judge