UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

HELIDORO S. GONZALES,
Plaintiff,

v.

RAYMOND MADDEN, *et al.*,
Defendants.

Case No.: 23-cv-2181-AGS-DEB

**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL**

**[DKT. NO. 62]**

Before the Court is Plaintiff Helidoro S. Gonzales' third Motion for Appointment of Counsel. Dkt. No. 62.[1] Gonzales is a state prisoner proceeding pro se and *in forma pauperis* on a civil rights claim filed pursuant to 42 U.S.C. § 1983. Dkt. No. 1 (Compl.). Gonzales largely reiterates the arguments raised in his prior motions for appointment of counsel, asserting four grounds for relief: (i) his limited English proficiency; (ii) his indigency; (iii) his lack of legal training; (iv) the difficulty of securing assistance from

[1] Gonzales improperly combined his Opposition to Defendants' Motion for Summary Judgment and his Motion for Appointment of Counsel in a single document, in violation of Civil Local Rule 5.1(m). The Court cautions Gonzales that future filings must comply with the Local Rules and that multiple pleadings may not be combined in one filing. Dkt. No. 63 ("The document will remain as filed despite the discrepancy noted. . . . Any further non-compliant documents may be stricken from the record.").

other inmates with his case. Dkt. No. 62 at 2–3. The Court **DENIES** Gonzales' Motion for the reasons set forth below.

There is no constitutional right to counsel in a civil case. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (citing *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981)). An indigent's right to appointed counsel exists "only where the litigant may lose his physical liberty if he loses the litigation." *Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 25 (1981). In "exceptional circumstances," however, a court may exercise its discretion and "request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1); *Palmer*, 560 F.3d at 970.

There is currently no basis to support a finding of exceptional circumstances in this case. Gonzales' complaint and filings evidence he can and has effectively articulated legal claims with proper spelling, grammar, and handwriting. *See* Dkt. No. 1 (Compl.); Dkt. No. 2 (Pl.'s Mot. for Leave to Proceed *in forma pauperis*); Dkt. No. 10 (Pl.'s Notice of Intent to Proceed); Dkt. Nos. 39, 50 (Pl.'s Notices of Appeal to the Ninth Circuit); Dkt. No. 62 (Pl.'s Opp'n to Def.'s Mot. for Summ. J.); Dkt. Nos. 25, 37, 62 (Pl.'s Mots. to Appoint Counsel).

Although Gonzales' complaint survived screening and has a pending motion for summary judgment, the record is not sufficiently developed for the Court to determine whether Gonzales is likely to succeed on the merits, and Gonzales makes no such showing in his Motion. *Palmer*, 560 F.3d at 970 (holding that "[w]hen determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits . . . .'") (citation omitted). Plaintiff's dissatisfaction with the Rand warnings, his concerns about hearsay and the completeness of Defendants' evidence, and his references to California Department of Corrections and Rehabilitation policies and medical-care statutes do not, by themselves, establish the kind of exceptional circumstances that would justify the Court appointing counsel. *See Leon v. Celaya*, No. 20-cv-899-AJB-BGS, 2021 WL 533514, at *4 (S.D. Cal. Feb. 12, 2021) (citing *Miller v. LaMontagne*, No. 10-cv-702-WQH-BGS, 2012 WL 1666735, at *2 (S.D. Cal. May 11, 2012) (plaintiff did not present

an exceptional circumstance warranting appointment of counsel because the case had not yet survived summary judgment)).

"In civil rights cases where the plaintiff appears pro se, the court must construe the pleadings liberally and must afford plaintiff the benefit of any doubt." *Jackson v. Carey*, 353 F.3d 750, 757 (9th Cir. 2003) (citation omitted). This also applies to motions. *Bernhardt v. Los Angeles Cnty.*, 339 F.3d 920, 925 (9th Cir. 2003) ("Courts have a duty to construe pro se pleadings liberally, including pro se motions . . . ."). Accordingly, the Court will take Gonzales' pro se status into consideration when reviewing his filings and afford him "the benefit of any doubt." *Jackson*, 353 F.3d at 757 (citation omitted).

In sum, the Court does not find the required exceptional circumstances present for appointment of counsel. Gonzales' motion, therefore, is **DENIED** without prejudice to renewal at a later stage of the proceedings.

**IT IS SO ORDERED.**

Date: July 22, 2026

Honorable Daniel E. Butcher
United States Magistrate Judge